IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KAREN POWELL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|        v. | ) | Cause No.:    4:17-CV-2017 |
| | ) | |
| POLICE OFFICER NICHOLAS SHELTON, | ) | |
| **Serve at:**    1915 Olive Street | ) | |
|           St. Louis, MO 63103 | ) | |
| | ) | |
| POLICE OFFICER ELLIS BROWN, | ) | |
| **Serve at:**    1915 Olive Street | ) | |
|           St. Louis, MO 63103 | ) | |
| | ) | |
| FORMER POLICE CHIEF SAM DOTSON, | ) | |
| **Serve at:**    1915 Olive Street | ) | |
|           St. Louis, MO 63103 | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| **Serve at:**    City Hall 1200 Market Street | ) | |
|           Room 200 | ) | |
|           St. Louis, MO 63103 | ) | |
| | ) | |
|    Defendants. | ) | |

## **COMPLAINT**

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, and the Eighth Amendment, against Officers Ellis Brown and Nicholas Shelton, police officers of the City of St. Louis, in their individual and official capacities, against the City of St. Louis, Missouri, and against Former Police Chiepowf Sam Dotson, in his official capacity.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

1

2. This action also asserts state law wrongful death claim against Ellis Brown, Nicholas Shelton and the City of St. Louis, Missouri. The Court can and should exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367, as they are so related to the other claims in the action already under the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

3. It is alleged that the individual police officers, Ellis Brown and Nicholas Shelton, engaged in action which resulted in the unreasonable seizure of Plaintiff's decedent, Kajieme Powell, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff's decedent's freedom from unreasonable seizure. It is further alleged that this violation was committed as a result of the policies and customs of the St. Louis Police Department, under the supervision of Police Chief Sam Dotson.

4. With regard to the remaining claims, it is alleged that Ellis Brown and Nicholas Shelton intentionally caused the wrongful death of Plaintiff's son, Kajieme Powell, by responding with inappropriate force.  Plaintiff maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

5. The City of St. Louis is a municipal corporation charged with and responsible for appointing and promoting the members of the Police Department and for the supervision, training, instruction, discipline, control and conduct of the Police Department and its personnel. At all times relevant, Defendant City of St. Louis had the power, right and duty to control the manner in which individual police officers carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Police Department were consistent with applicable laws.

2

6. Defendant Sam Dotson was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of Police of the City of St. Louis.  As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of all police officers.  He is also charged with promulgating all orders, rules, instructions and regulations of the police Department including but not limited to those orders, rules, instructions and regulations concerning the use of force and of deadly weapons.  He also has the authority to approve all weapons to be used by members of the Police Department.  He is sued in his official capacity.

7. Defendant Police Officer Nicholas Shelton (hereinafter "Defendant Shelton") was at all times relevant to this Petition a male police officer employed by the St. Louis Metropolitan Police Department.  He is being sued in both his individual capacity and his official capacity as a law enforcement officer.

8. Defendant Police Officer Ellis Brown (hereinafter "Defendant Brown") was at all times relevant to this Petition a male police officer employed by the St. Louis Metropolitan Police Department.  He is being sued in both his individual capacity and his official capacity as a law enforcement officer.

PARTIES

9. That at all times pertinent to this lawsuit, Plaintiff Karen Powell was the mother of decedent, Kajeime Powell.

10. Defendant Brown was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

3

11. Defendant Shelton was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

12. Defendants Nicholas Shelton and Ellis Brown are residents of the City of St. Louis, State of Missouri, in the United States District Court for the Eastern District of Missouri.

13. Defendant Sam Dotson was at all times relevant to this complaint duly appointed and acting as an officer of the St. Louis Police Department, State of Missouri, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

14. Defendant Sam Dotson is a resident of the City of St. Louis, State of Missouri, in the United States District Court for the Eastern District of Missouri.

FACTS

15. Plaintiff's decedent, Kajieme Powell, has a history of mental illness and was on medication.

16. On August 19, 2014, Kajieme Powell picked up two cans of soda and a doughnut from Six Star Market at 8701 Riverview Boulevard, St. Louis, Missouri.  He did not pay for the items.

17. Upon exiting the store, he placed the two cans on the sidewalk and started pacing back and forth on the sidewalk while mumbling to himself.  He posed no threat to anyone.

18. An employee from the Six Star Market called 911 and described Kajieme as mentally ill.  Police officers Brown and Shelton were dispatched by radio to the scene.

19.  On arrival, Brown and Shelton exited their squad vehicle, and with their guns drawn, started yelling verbal commands to Kajieme, who was still pacing back and forth on the sidewalk.

20. Upon noticing the Defendant's guns pointed at him, Kajieme became agitated, walked towards the Defendants and yelled "Shoot me, Shoot me."

21.  Kajieme then backed away from the Defendants and stepped up on the concrete ledge towards the parking lot adjacent to the store.

22. Defendants Brown and Shelton then shot Kajieme and he fell to the ground immediately.  They continued firing although he was fully incapacitated.

23. Kajieme died at the scene as a direct result of the shooting by the Defendants, and the Defendants were seen placing handcuffs on Kajieme although he was dead.

24. Bystander's video footage clearly showed that Kajieme was no threat to anyone, including the Defendants, and the bystanders were shocked when the Defendants began shooting and killed Kajieme.

25. That at all times mentioned, Defendants Brown and Shelton were acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of St. Louis and the State of Missouri and under authority of their respective office as police officers.

## COUNT I – DEFENDANTS BROWN AND SHELTON

**Excessive Use of Force in Violation of the Fourth and Fourteenth Amendments of the United States Constitution
(42 U.S.C. §1983)**

26. Plaintiff incorporates by reference each and every allegation alleged in paragraphs 1 through 25 as though fully set forth herein.

27. Defendants Brown and Shelton's above conduct constitutes actions that shocks the conscience under the Fourth Amendment of the United States Constitution.

28. Defendants Brown and Shelton responded to a call at Six Star Market where Kajieme had walked out with 2 cans of soda and a doughnut and was pacing back and forth on the sidewalk and mumbling to himself.  He posed no harm to anyone when Defendants Brown and Shelton arrived at the scene.

29. That instead of taking appropriate measures to assess the situation, Defendants Brown and Shelton shot Kajieme multiple times and killed him within 23 seconds after their arrival at the scene.

30. Defendants Brown and Shelton lacked any probable cause to kill Kajieme because Defendants Brown and Shelton were not in any danger when they confronted Kajieme.

31. Defendants Brown and Shelton used deadly force on Kajieme and violated his Fourth and Fourteenth Amendment rights in one or more of the following respects:

     a. The use of deadly force on Kajieme was excessive and not objectively reasonable as he had not committed any crime;

     b. There was no reason to use the amount of force used by Defendants Brown and Shelton because Kajieme did not pose an immediate threat to the safety of the Defendants Brown and Shelton or the others that were in the area before the Defendants arrived; and

     c. There was no reason to use the amount of force used by Brown and Shelton because Kajieme did not resist arrest or attempt to evade arrest by flight.

32. The conduct of Defendants Brown and Shelton as described above deprived Kajieme of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property

without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

33. As a direct and proximate result of the unlawful conduct of Defendants Brown and Shelton, Kajieme was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants Brown and Shelton caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Kajieme's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

34. The conduct of Defendants Brown and Shelton was reckless, malicious, wanton, and willful and violated Kajieme's constitutional rights and the award of punitive damages is necessary to punish Defendants Brown and Shelton in their individual capacity and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff requests judgment for general, special, and punitive damages, in a sum that this Court may deem just and reasonable in the premises, for costs of the suit and attorney fees, and for such other relief as the Court may deem just and equitable.

## COUNT II – DEFENDANTS BROWN AND SHELTON

### Wrongful Death/Assault & Battery v. Defendant
### (R.S.Mo. §537.080(1)

35. Plaintiff incorporates each and every allegation in paragraphs 1 through 34 by reference as though fully set forth herein.

36. Plaintiff maintains this action for wrongful death pursuant to R.S.Mo. §537.080(1).

37. Defendants Brown and Shelton intentionally discharged their firearms without justification causing an unreasonable apprehension of harm and death to Kajieme.

38. Defendants Brown and Shelton fired their weapons at Kajieme without justification, intentionally and wrongfully causing the death of Kajieme.

39. As a direct and proximate result of the unlawful conduct of Defendants Brown and Shelton described above, Kajieme was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants Brown and Shelton caused or contributed to cause funeral and burial expenses. As a result of Kajieme's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

40.  Plaintiff is entitled to recover for all damages, including pain and suffering experienced by Kajieme, for which Kajieme would be entitled to claim had death not ensued.

**WHEREFORE**, Plaintiff prays for judgment under Count II against Defendants Brown and Shelton for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendants from engaging in this type of conduct in the future. Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT III – DEFENDANT CITY OF ST. LOUIS

### Failure to Train, Supervise and Control

### (42 U.S.C § 1983)

41. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 40 as though fully set forth herein.

42. At all times mentioned herein City of St. Louis was responsible for the hiring, training, supervising, and controlling all police officers of the City of St. Louis, and their use of firearms including, Defendant's Brown and Shelton.

43. At the time of the occurrence, Defendants Brown and Shelton were acting within the course and scope of their agency and/or employment with Defendant City of St. Louis.

44. Defendant City of St. Louis was negligent in its supervision, training and control of Defendants Brown and Shelton in the following respects:

a.   Defendant City of St. Louis failed to train Defendants Brown and Shelton in the proper use of firearms.

b.   Defendant City of St. Louis failed to supervise and train defendants Brown and Shelton in their use of department issued firearms and weapons when responding to a call involving a mentally ill person.

c.   Defendant City of St. Louis failed to supervise and train Defendants Brown and Shelton not to use deadly force on a mentally ill person when it is obvious that the person cannot comply with any commands.

d.   Defendant City of St. Louis failed to supervise and train Defendants Brown and Shelton to stop using force to limit the amount of harm caused when there is no threat to them or others; and

e.   Defendant City of St. Louis failed to supervise and train Defendants Brown and Shelton not to use deadly force on a mentally ill person when the lives of Brown and Shelton and others are not in danger.

45. The conduct of Defendant City of St. Louis as described above deprived Kajieme of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property

without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

46. Defendant City of St. Louis was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendants Brown and Shelton and as a result Kajieme was deprived of life and liberty under the constitution.

47. As a direct and proximate result of the negligent conduct of Defendant City of St. Louis described above, Kajieme was caused to suffer severe pain, mental anguish, and an agonizing death.  Additionally, the actions of Defendants Brown and Shelton caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Kajieme death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

48. The conduct of the City of St. Louis was reckless, malicious, wanton, and willful with Kajieme's constitutional rights and the award of punitive damages is necessary to punish Defendant City of St. Louis in its individual capacity and to deter it and others from the same or similar transgressions in the future.

WHEREFORE, the Plaintiff prays for judgment under Count III against Defendant City of St. Louis for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendant from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT IV – DEFENDANT DOTSON

**Failure to Train, Supervise and Control**
**(42 U.S.C § 1983)**

10

49. Plaintiff incorporates each and every allegation as set forth in paragraphs 1 through 48 as though fully set forth herein.

50. At all times mentioned herein Defendant Dotson was in charge of training, supervising, and controlling all police officers and personnel of the City of St. Louis, including Defendants Brown and Shelton.

51. At the time of the occurrence, Defendants Brown and Shelton and Defendant Chief Dotson were acting within the course and scope of their agency and/or employment with Defendant City of St. Louis.

52. Defendant Police Chief Dotson was negligent in his supervision of Defendants Brown and Shelton in the following respects:

    a.   Defendant Dotson failed to train Defendants Brown and Shelton in the proper use of firearms;

    b.   Defendant Dotson failed to supervise and train Defendants Brown and Shelton's use of department issued firearms and weapons when responding to a call involving a mentally ill person;

    c.   Defendant Dotson failed to supervise and train Defendants Brown and Shelton not to use deadly force on a mentally ill person when it is obvious that the victim cannot comply with any commands;

    d.   Defendant Dotson failed to supervise and train Defendants Brown and Shelton to stop using force to limit the amount of harm caused; and

    e.   Defendant Dotson failed to supervise and train not to use deadly force on a mentally ill person when the lives of Brown and Shelton and others are not in danger.

53. Defendant Dotson was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendants Brown and Shelton and as a result Kajieme was deprived of life and liberty under the constitution.

54. As a direct and proximate result of the negligent conduct of Defendant Dotson described above, Kajieme was caused to suffer severe pain, mental anguish, and an agonizing death.  Additionally, the actions of Defendants Brown and Shelton caused or contributed to cause Plaintiff to incur funeral and burial expenses.  As a result of Kajieme's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

55. The conduct of Defendant Dotson was reckless, malicious, wanton, and willful with Kajieme constitutional rights and the award of punitive damages is necessary to punish Defendant Dotson in his individual capacity and to deter him and others from the same or similar transgressions in the future.

**WHEREFORE**, the Plaintiff prays for judgment under Count IV against Defendant Dotson for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendant from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## COUNT V – DEFENDANTS CITY OF ST. LOUIS AND DOTSON

### Municipal Liability
### (42 U.S.C § 1983)

56. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 55 as though fully set forth herein.

57. Instead of reports being made against other police officers within the City of St. Louis for excessive use of force, no action has been taken against these officers.  Therefore, there exist within the City of St. Louis and its respective police department, policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused

12

the constitutional deprivations of Kajieme as have been fully set forth above.  The policies, customs, practices, and usages that exist including, but not limited, to the following:

a.    To use excessive force when it is not reasonably necessary;

b.    To use excessive force against persons who cannot physically and mentally comply with orders given to them;

c.    To use excessive force against persons who are suffering from medical condition or conditions and who cannot resist or physically comply with orders given to them; and

d.    By continuing to use excessive force against a person who is complying with orders given by an officer.

58. Defendant Dotson is a person in a supervisory position with the City of St. Louis police department and his deliberate indifference to affirmatively act in the face of transgressions about which he knew or should have known, has established the policies of the City of St. Louis to condone or otherwise tolerate constitutionally violative conduct and generally and specifically the constitutionally violative conduct set forth in this complaint.

59. As a direct and proximate result of the aforementioned conduct, Kajieme was killed by Defendants Brown and Shelton.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City of St. Louis and Police Chief Dotson in their official capacities for compensatory damages in an amount that is fair and reasonable; for the costs of this action, reasonable attorney fees and costs; and for such other relief as the court deems just and proper under the circumstances.

## COUNT VI – CITY OF ST. LOUIS, DOTSON, BROWN AND SHELTON

### (42 USC § 1988)

60. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 59 as though fully set forth herein.

61. For all claims in this complaint on which Plaintiff prevails, Plaintiff requests compensation for her reasonable attorney's fees and other costs as provided under 42 U.S.C § 1988 (b).

DEMAND FOR JURY TRIAL

59. Plaintiff requests a Demand for Jury Trial on all issues.

**THE LEGAL SOLUTION GROUP**

By:_/s/ Jermaine Wooten_____
   **Jermaine Wooten #59338**
   *Attorney for Plaintiff*
   10250 Halls Ferry Road
   St. Louis, MO  63136
   Phone:  (314) 736-5770
   Fax:     (314) 736-5772
   Email:  jwooten@lsgstl.com