# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17CV2017 HEA |
| | ) |
| NICHOLAS SHELTON, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff filed this action claiming, among other things, that Defendants violated Kajieme Powell's civil rights under 42 U.S.C. § 1983 when Defendants Shelton and Brown shot and killed him on August 19, 2014. Defendants move to dismiss Counts II, III, IV, V, and VI of the Plaintiff's Amended Complaint, [Doc. No. 25. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background

For the purpose of this motion to dismiss, plaintiff's allegations are taken as true. Plaintiff alleges:

Decedent Powell suffered from mental illness at the time of the incident subject to this case.

On August 19, 2014, Decedent Powell left the Six Star Market in the City of St. Louis with two cans of soda and a doughnut without paying for the items. After exiting the Six Star Market, Decedent Powell placed the two cans on the sidewalk and started pacing back and forth on the sidewalk while mumbling to himself. An employee from the Six Star Market called 911 and described Decedent Powell as being mentally ill. In response to the 911 call, Defendant Shelton and Defendant Brown were dispatched by radio to go to the Six Star Market. As Defendant Shelton and Defendant Brown pulled up to the street curb near Decedent Powell, Decedent Powell took approximately 4 steps backwards. Upon arriving at the Six Star Market, Defendant Shelton and Defendant Brown exited their squad vehicle with their guns drawn and shouting verbal commands of "get your hands out of your pockets" to Decedent Powell.

At the time Defendant Shelton and Defendant Brown were shouting verbal commands of "get your hands out of your pockets," Decedent Powell's hands were not in his pockets, his arms and hands were at his side and it was clearly visible that Decedent Powell did not have any weapons in his hands.

Decedent Powell stepped up on an approximate 2-foot embankment and walked down the embankment towards Defendant Shelton and Defendant Brown's vehicle. While Decedent Powell was walking towards Defendant Shelton and

Defendant Brown's vehicle his arms and hands were swinging by his side and Decedent Powell did not have a weapon in his hands.

When Decedent Powell got near Defendant Shelton and Defendant Brown and their vehicle, Defendant Shelton and Defendant Brown opened fire, shooting Decedent Powell several times.  At the time Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell's hands were visible to Defendant Shelton and Defendant Brown.  At the time Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell did not have a knife in his hands. At the time Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell did not have a gun in his hands.   At the time Defendant Shelton and Defendant Brown shot Decedent Powell, Defendant Shelton and Defendant Brown had mace/pepper spray/OC spray, but did not attempt to use it on Decedent Powell.

At the time Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell did not make any verbal threats to harm Defendant Shelton and Defendant Brown.  Before Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell did not make any verbal threats to harm Defendant Shelton and Defendant Brown.

Plaintiff further alleges that "[i]t was obvious to Defendant Shelton and Defendant Brown that Decedent Powell had a mental illness because when

Defendant Shelton and Defendant Brown first arrived, Decedent Powell said "Shoot me" and "Shoot me mother*****."

When Defendant Shelton and Defendant Brown shot Decedent Powell, Decedent Powell had no weapon on his person.

Count I of the Amended Complaint is brought for a violation of Decedent Powell's civil rights-excessive force against Defendants Shelton and Brown; Count II is brought as a failure to train claim against Defendant City of St. Louis; Count III is a claim based on *Respondeat Superior* against Defendant City of St. Louis; Count IV is a wrongful death claim under the Missouri wrongful death statute, R.S.Mo § 537.080(1); Count V is a state law claim for Assault, and Count VI is a state law claim for battery. Defendants moves to dismiss Counts II–VI. For the reasons set forth below, the Motion will be granted in part and denied in part.

**Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content...allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged.' " *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## Discussion

**Count II-Failure to Train**

Plaintiff claims that the City is liable under § 1983 for inadequately training Defendants Shelton and Brown on the arrest and detention of persons having a mental illness. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As relevant here, "liability for a constitutional violation may attach to a municipality if the violation resulted from ... a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016); *accord City of Canton v. Harris*, 489 U.S. 378, 389 (1989). A claim for inadequate training exists if (1) the city's "training practices [were] inadequate"; (2) the "failure to train reflects a deliberate or conscious choice" by the city; and (3) the "alleged deficiency in the ... training procedures actually caused the plaintiff's

injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (alterations in original) (quotations omitted). Establishing deliberate indifference on a failure-to-train claim generally requires "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Plaintiff argues that she has satisfied the notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure, but acknowledges that the claim must be supported by sufficient factual allegations to be plausible. The First Amended Complaint fails to reference any specific policy or pattern of constitutional violations regarding the claimed failure to properly train on "the arrest and detention of persons having a mental illness." The allegations in the First Amended Complaint are thus insufficient to support a *Monell* claim.

Plaintiff also contends that she need not allege a pattern of similar constitutional violations, relying on *Canton,* 489 U.S. 378, at 390 n.10 (suggesting possible single-incident liability for *Monell* claims). But Plaintiff's sole allegation that the City's alleged failure to train officers based on the "obviously" mentally ill decedent is insufficient. Count II will be dismissed.

**Count III-*Respondeat Superior***

Plaintiff recognizes that Count III, under current law, fails to state a claim, and has preserved her claim for appeal. *Bd. of Cty. Comm'rs of Bryan Cty., Okl v. Brown*, 520 U.S. 397 (1997). Count III will be dismissed.

**Count IV-Wrongful Death**

Defendants argue that Count IV should be dismissed because it is styled "Wrongful Death" and that there is no independent cause of action for "wrongful death." The Court agrees with Plaintiff that Count IV is indeed an action under the Missouri Wrongful Death statute, R.S.Mo § 537.080(1), and is pled as such. The Motion will be denied with respect to Count IV.

**Counts V and VI-Assault and Battery**

Defendants contend that Missouri state law claims for the assault and battery are barred by the applicable statute of limitations requiring the actions to be commenced within two years of the claim, while Plaintiff argues that the claims must be commenced within three years. § 516.130(1) RSMo. Specifically, the statute states:

> Within three years: (1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise.

*Id.* There is some confusion in the law regarding whether that three-year statute of limitations or the assault-and-battery-specific two-year statute of limitations applies. That statute states:

> Within two years: an action for libel, slander, injurious falsehood, <u>assault, battery</u>, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140...

§ 516.140 RSMo (emphasis added).

This Court has held that, where plaintiffs bring claims against officers in their individual capacities, the three-year statute does not apply to assault and battery claims. *See Nonn v. Curtis*, 2017 WL 5070530, at *1–3 (E.D. Mo. 2017); *Doe v. Rainey*, 4:15CV01484 AGF, 2016 WL 2986398, at *3 (E.D. Mo. May 24, 2016); *Gaulden v. City of Desloge, Mo.*, 2009 WL 1035346, at *14 (E.D. Mo. 2009) ("An action against an officer in his or her individual capacity does not fall within the parameters of Section 516.130.") (citing *Miller Cty. v. Groves*, 801 S.W. 2d 777, 778–79 (Mo. Ct. App. 1991)). That, of course, leaves the two-year statute of limitation for plaintiff's claims, which of course appears to have expired in August, 2016, long before plaintiff filed suit in 2017.

Plaintiff must have thus filed her complaint in August 2016. The statute of limitations has long since expired, and Counts V and VI must be dismissed.

## Conclusion

Based upon the foregoing analysis, Defendants' motion to dismiss will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (Doc. No. 25] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Counts II, III, V, and VI are **DISMISSED**.

Dated this 11th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE