UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17CV2017 HEA |
| | ) |
| NICHOLAS SHELTON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Exclude Affidavit and Report of William Harmening, [Doc. No. 88]. Plaintiff has filed an opposition to the Motion, to which Defendants have filed a Reply. For the reasons set forth below, the Motion will be granted.

Plaintiff filed this action claiming, among other things, that Defendants violated Kajieme Powell's civil rights under 42 U.S.C. § 1983 when Defendants Shelton and Brown shot and killed him on August 19, 2014. Defendants moved to dismiss Counts II, III, IV, V, and VI of the Plaintiff's Amended Complaint. On January 11, 2019, the motion was granted in part, and Counts II, III, V, and VI were dismissed.

On March 20, 2019, the Court entered a Case Management Order. Within that Order, the Court specified that Plaintiff "shall disclose all expert witnesses and

shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than <u>September 20, 2019</u>, and shall make expert witnesses available for depositions, and have depositions completed, no later than <u>December 20, 2019</u>."

Defendants filed a Motion for Summary Judgment on April 29, 2019. Thereafter, on May 9, 2019, Defendants filed a Motion to Stay Discovery. The Court granted the Motion to Stay on May 10, 2019.

Plaintiff filed her Response to the Motion for Summary Judgment on June 3, 2019. In her response, Plaintiff argued that she could not properly respond to the Motion for Summary Judgment without any discovery. Plaintiff submitted the Declaration of her attorney in support of her Response. Plaintiff's sole argument was that additional discovery was necessary for the Court to view Defendants' video

> in the proper legal context, together with additional angles from different videos to support Plaintiff's allegations. As discussed, in Plaintiff [sic] Declaration, Plaintiff has not been permitted to discover the additional videos from police cars, body cameras or other cell phone video believed to be in the possession of the City. Moreover, Plaintiff is entitled to determine whether the City rendered immediate medical attention per their [sic] regulations, (which have not been produced) for amending Plaintiff's complaint. While the video demonstrates the City did not render aide, the Defendants must be cross examined to determine why. In addition, the City is adamant that the video shows the Plaintiff with an eight-inch knife. The City is asking this Court to believe the Defendants Brown and Shelton's version, but the video **does not show an "eight-inch knife."**

*Plaintiff's Response and Objections pursuant to Fed.R.Civ.PR. 56(d)(c).*(Emphasis in original).

In his Declaration, Counsel for Plaintiff declared that Plaintiff could not present facts to justify her response to the City of St. Louis and Defendants Shelton and Brown's Motion for Summary Judgment without some discovery and opportunity to confirm or amend allegations to refute Defendants' affidavits. Mr. Wooten further declared that Plaintiff believed her son was not armed with an eight-inch knife.  Plaintiff claimed she must be permitted additional discovery to cross examine Defendants.  Plaintiff did not seek to amend the Court's Case Management Order regarding the disclosure of experts or the time for completing expert depositions.

The Court lifted the stay of discovery on January 24, 2020 and allowed the parties 21 days from the date of the Order to conduct further discovery. Defendants were given leave to refile their motion for summary judgment within 14 days after the expiration of the discovery time limit.  Plaintiff was granted 14 from the date of a refiling of the Motion for Summary Judgment to file her response.

Plaintiff filed a notice of deposition on January 28, 2020 setting forth that she would depose Defendants Shelton, Brown and the City of St. Louis on February 6, 2020. Plaintiff did not, however, seek to extend the time for disclosure of experts or the taking of expert depositions.

Defendants refiled their Motion for Summary Judgment on February 21, 2020.  Plaintiff did not immediately respond to the motion, rather, on March 12,

2020, she filed a Motion for Leave to File a Second Amended Complaint. Defendants opposed the Motion.  On June 8, 2020, the Court denied the Motion for Leave and gave Plaintiff additional time to respond to the Motion for Summary Judgment.

Plaintiff filed her Opposition to the Motion for Summary Judgment on June 15, 2020.  Attached to her Opposition were Exhibits 8 and 9, the Affidavit/Report of William Harmening and Mr. Harmening's Curriculum Vitae.  Plaintiff relies on Mr. Harmening's Affidavit/Report in her Opposition to the Motion for Summary Judgment.

Defendants move to exclude the Affidavit and Report of Mr. Harmening pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because Mr. Harmening was never disclosed pursuant to Rule 26(a)(2)(A) or 26(a)(1)(A)(i). Plaintiff argues that the non-disclosure is substantially justified because Defendants asked for a stay of discovery, which stay was in effect when the expert deadline passed and therefore, she was unable to disclose Mr. Harmening.  At no point throughout the course of this litigation did Plaintiff indicate she was going to utilize expert witnesses, nor did she seek leave to extend the deadline for disclosure of experts.

Federal Rule of Civil Procedure 26 imposes various duties on litigants to disclose information during discovery. Rule 26(a)(1)(A) requires initial disclosure

4

of the name and subjects of information each individual likely to have discoverable information that may be used to support a claim or defense. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) ("When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case."); *see, e.g., Vesom v. Atchison Hosp. Assoc.*, 2006 WL 2714265, at *6 (D. Kan. Sept. 22, 2006) (striking declarations offered at summary judgment because the individuals had not previously been disclosed pursuant to Rule 26; the declarations were being used to support elements of the plaintiff's claim, the court found the failure to disclose was not harmless, and there was no substantial justification for withholding the information).

Rule 37 provides the consequences for failure to follow these rules. *Vanderberg v. Petco Animal Supplies Stores, Inc*., 906 F.3d 698, 702 (8th Cir. 2018) ("The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37."). The Eighth Circuit has stressed that "Rule37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." *Id.* at 705. Further, under Rule 37(c)(1), a party who fails to provide the information required under Rule 26(a) or (e) is not allowed to use that information at a trial, at a hearing, or on a motion, unless the failure is substantially justified or harmless. Whether such failure is substantially justified or harmless

depends on factors such as prejudice or surprise to the opponent; the party's ability to cure the prejudice; the extent to which the testimony would disrupt the trial; and the moving party's bad faith or willfulness. *Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012).

> Under Federal Rule of Civil Procedure 26(a), the "failure to disclose [expert materials] in a timely manner is equivalent to a failure to disclose." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)). Where a party fails to make a timely disclosure, Federal Rule of Civil Procedure 37(c)(1) provides the district court with the authority to exclude the late-disclosed materials or to fashion a lesser penalty than total exclusion. *See also Petrone v. Werner Enters, Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) ("Rule 37(c)(1) addresses what to do if a party fails to disclose information as required by Rule 26(a) and attempts to use that information on a motion, at a hearing, or at a trial." (emphasis omitted)).

*Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 771 (8th Cir. 2020).

Here, Plaintiff's failure to disclose and produce Mr. Harmening for deposition was neither substantially justified nor harmless. This case has a pending summary judgment motion. Plaintiff was given additional time to conduct discovery but failed to ask for an extension of the deadlines and never notified Defendants that she was going to rely on expert testimony to oppose the second motion for summary judgment. Plaintiff simply attached Mr. Harmening's Report to her opposition. This foreclosed Defendants' opportunity to depose Mr. Harmening; Defendants were indeed surprised and prejudiced by this unannounced expert. Curing the prejudice at this juncture would involve several steps including

6

opening discovery and delaying the proceedings. After careful review of the record, the Court will grant Defendants' Motion to Exclude, and Plaintiff will be foreclosed from using Mr. Harmening's Report in opposition to the summary judgment motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Affidavit and Report of William Harmening, [Doc. No. 88] to is **GRANTED**.

Dated this 8th day of October, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE